UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SARAH LYNN MENZ

      Plaintiff,                      Case No.  1:13-CV-0497

v.                                        HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

## OPINION AND ORDER RE
## REPORT AND RECOMMENDATION

The matter before the Court is the Magistrate Judge's Report and Recommendation (docket no. 15), filed on November 24, 2014. The Plaintiff filed a set of Objections to the Magistrate Judge's Report and Recommendation (docket no. 16) on December 5, 2014. The Defendant filed a Response to the Plaintiff's Objections (docket no. 17) on December 18, 2014.

Under the Federal Rules of Civil Procedure, where a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge, the Report and Recommendation itself, the Plaintiff's Objections to the Magistrate's Report and Recommendation, and the Defendant's Response. After its review, the Court approves and adopts Magistrate Judge Green's Report and Recommendation as modified in this Order.

On March 18, 2010, Menz filed an application for a period of disability benefits, alleging that her disability began on December 14, 2009. She stated that her disability involved problems with her back, various sleep-related difficulties, and psychological challenges. Menz's claim was initially denied; Menz requested and received a hearing before an ALJ, who also denied her claim. In denying her claim, the ALJ chose not to accord weight to certain physicians who treated Menz. Menz requested review of the Commissioner's final decision on the basis that the ALJ did not properly weigh the medical opinions and that the ALJ erroneously evaluated her credibility.

The Report and Recommendation carefully examines the Plaintiff's request for review of the Commissioner's final decision, and recommends that the Commissioner's decision be affirmed. The Court finds the Magistrate Judge's Report and Recommendation to be well-reasoned and thorough. The Court agrees that the Commissioner's decision must be affirmed on the basis that the ALJ's reasoning of how he weighed the evidence satisfies the substantial-evidence standard.

## I. MENZ'S OBJECTIONS

**Objection #1: The ALJ failed to properly weigh the medical evidence.**

Menz objects to the Magistrate Judge's Report and Recommendation on the basis that the ALJ improperly weighed the medical evidence provided by Dr. Edwards and Dr. Goetting.

Psychologist Edwards is a treating physician who met with Menz on six occasions. He submitted a "narrative summary" that described his treatment of Menz. He did not submit his actual treatment records. (R. 15, Report at 6–7, PageID # 975–76.) The ALJ accorded little weight to Dr. Edwards's diagnosis. (R. 15, Report at 8, PageID # 977.) The Magistrate Judge stated that Menz could not withhold Dr. Edwards's treatment records and then claim entitlement to the benefit of the treating physician rule. (R. 15, Report at 7, PageID # 976.) Menz argues that the lack of treatment notes was an insufficient justification to ignore the treating physician rule. (R. 16, Pl. Br. at 2–3, PageID # 986–87.) According to Menz's argument, because the treating physician rule applied, the ALJ did not properly credit Dr. Edwards's opinion and did not provide the analysis required for rejecting it under 20 C.F.R. § 404.1527(c)(2).

When a case presents multiple conflicting medical opinions, such as this one, ALJs weigh opinions differently depending on whether the source is considered a treating physician or a non-treating physician. The "treating physician rule" requires the ALJ to "generally give greater deference to the opinions of treating physicians than to the opinions of non-treating physicians. *Blakley*, 581 F.3d at 406. A physician is a treating physician if he has provided medical treatment to and has had an ongoing treatment relationship with the claimant. *See id.* at 407. The ALJ must give a treating source opinion controlling weight if two conditions are met: (1) the treating source opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) is not inconsistent with the other substantial evidence in the case record.'" *See Gayheart*, 710 F.3d at 376 (quoting 20 C.F.R. § 404.1527(c)(2))). An ALJ must provide "good reasons" for why a treating physician's opinions fail to meet either the well-supported prong or the inconsistent with other evidence prong. *See Gayheart*, 710 F.3d at 376.

The Commissioner does not appear to contest that the treating physician rule applied, but counters that the ALJ considered two of the treating-source factors, Menz's length of treatment relationship with Dr. Edwards and the frequency of Dr. Edwards's examinations. (R. 17, Def. Br. at 4, PageID # 998.) Assuming without deciding that the treating physician rule applies, the Court finds that the ALJ did in fact consider some of the treating-source factors and that this consideration satisfies the agency requirements. *See Gayheart*, 710 F.3d at 374 ("[A]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.").

The Commissioner also counters that the ALJ noted internal inconsistencies between Dr. Edwards's narrative evaluation and his completed questionnaire. (R. 17, Def. Br. at 4, PageID # 998.) The Court finds that, assuming without deciding that the treating physician rule applies, a reasonable mind could find that Dr. Edwards's opinion was inconsistent; while he does list some rather severe impairments he also notes that Menz was "fairly stable" and that he would be meeting with her as necessary in his narrative evaluation, but that she was markedly limited in his completed questionnaire. (R. 6-2, ALJ decision at 35, PageID # 64.) This is not the only conclusion that one could reach with respect to Dr. Edwards's opinion, but the Court declines to find that it is a wholly unreasonable one. *See Blakley*, 581 F.3d at 406 ("The substantial-evidence standard . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.")*.*

Menz suggests that the only evidence that contradicts Dr. Edwards's evidence was from a non-treating medical source who may not have even had the full record. (R. 16, Pl. Br. at 4, PageID # 988.) If this were true, then reversal might be warranted. *See Gayheart*, 710 F.3d at 374. But this

is not the case. In discussing why he found that the "evidence as a whole does not suggest or establish that the claimant lacks suitable concentration, memory, adaptive, basic cognitive or interpersonal skills for vocational involvement that is simple and routine in nature," the ALJ stated the following:

> The claimant described daily activities that are not limited to the extent one would expect given her allegations of disabling symptoms and limitations. Within testimony and written documents, the record supports the finding that the claimant is able to perform self-care tasks and other activities. The claimant cooks, performs household chores, shops, drives, and cares for her young children. All of which suggests that her symptoms may not have been as serious as has been alleged. Nevertheless, taking all of these factors into consideration, and giving claimant some benefit of the doubt, the undersigned finds that the claimant has some limitations and has made adjustments for these limitations in the residual functional capacity adopted.

(R. 6-2, ALJ decision at 34, PageID # 63.)

Menz also argues that the ALJ improperly weighed Neurologist Dr. Goetting's opinion because Dr. Goetting's opinion on how often Menz could miss work was not conjecture but rather a judgment about Menz's physical or mental restrictions, which are permitted under 20 CFR § 404.1527(a)(2). Menz also argues that the ALJ overlooked the fact that the medical evidence demonstrated a signficiant worsening of Menz's symptoms, which undercuts the ALJ's conclusion that Dr. Goetting's opinion could be discredited because Menz had performed work in the past. (R. 16, Pl. Br. at 6, PageID # 990.) Menz states that the ALJ does not identify evidence to contradict Dr. Goetting's opinion, or consider the relevant factors under 20 CFR § 404.1527(c). (R. 16, Pl. Br. at 7, PageID # 991.) The Commissioner counters that the ALJ properly accorded weight to certain aspects of Dr. Goetting's opinion, which is evidenced by the direct correlation between the

ALJ's functional capacity determination and select restrictions suggested by Dr. Goetting.  (R. 17, Def. Br. at 5, PageID # 999.)

The Court agrees with the Report and Recommendation.  It is well-established that the final determination rests with the Commissioner, and contrary to Menz's suggestion, the Court identifies evidence that a reasonable mind could find contradicts Dr. Goetting's opinion.  Again, this Court points Menz to the above portion of the ALJ's opinion which indicates the ALJ's view, based on the record evidence, that Menz is able to perform various self-care tasks.  (R. 6-2, ALJ decision at 34, PageID # 63.)  The fact that the record supports the ALJ's view that Menz *currently* performs these tasks undermines Menz's position that the ALJ wholly overlooked the current state of Menz's symptoms.  (R. 16, Pl. Br. at 6, PageID # 990.)  And the ALJ also rested his conclusion on the non-treating physician's assessment, which indicated that Menz "seemed capable of understanding and remembering simple instructions and tasks; but would have difficulty with detailed instructions and tasks. . . . the claimant seemed capable of maintain[ing] basic attention, concentration and pace for simple tasks . . . she may have moderate difficulties to complete a normal workweek."  (R. 6-2, ALJ decision at 36, PageID # 65.)   This is not the only conclusion that the ALJ could have reached, but it is not an unreasonable one, and it is not unsupported by the record.  *See Blakley*, 581 F.3d at 406.  The Court overrules this objection.

**Objection #2: The ALJ failed to properly evaluate Menz's credibility.**

The ALJ did not find Menz credible on the issue of her sleep-related impairments because he found that objective tests did not support her allegation of disabling back pain.  (R. 15, Report at 14–15, PageID # 982–83.)  Menz states that her disability primarily relates to sleep-related problems and that she has not waived any arguments.  (R. 16, Pl. Br. at 16, PageID # 992.)  Menz

6

argues that none of her daily activities contradict her allegations, and if anything, are consistent with the medical reports. (R. 16, Pl. Br. at 8–9, PageID # 992–93.) The Commissioner states that it was appropriate for the ALJ to take her daily activities into account, and disputes Menz's suggestion that the ALJ mischaracterized her testimony. (R. 17, Def. Br. at 6, PageID # 1000.)

The Court agrees that the ALJ's credibility determination is entitled to deference. Furthermore, although there may not have been a close relationship between Menz's back pain and her sleep-related difficulties, the Court does not accept the premise that the ALJ was required to determine Menz's credibility in a vaccuum; that is to say, the Court finds no reversible error in the ALJ's finding Menz to be not credible in one regard (her back pain) and to make reasonable inferences about her credibility in another regard (her sleep-related difficulties) based on this determination. The Court adopts the Magistrate Judge's report and overrules the objection.

## II. CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket no. 15), is accepted for the added reasons recited in this Order.

**IT IS SO ORDERED**.


Dated:     January 20, 2015              /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE